■ HENRY B. ABAJIAN, as Trustee for Certain Stockholders of Intercontinental Electronics Corporation, Respondent, v. COMPAGNIE GENERALE DE TELEGRAPHIE SANS FIL et al., Appellants.— Order, entered August 19, 1964, denying defendants' motion to dismiss the complaint under CPLR 3211 on the grounds that the court lacks jurisdiction, or in the alternative that it should decline jurisdiction, of the subject matter of the action, that the several causes of action are legally insufficient, that plaintiff lacks capacity to sue, and that indispensable parties are lacking, unanimously reversed, on the law, with $30 costs and disbursements to defendants-appellants against plaintiff-respondent. Given sufficient causes of action pleaded the various grounds urged by defendants in abatement are insubstantial. It is not necessary to consider them, however, because the causes of action pleaded are legally insufficient. The gravamen of the complaint is that under the voting trust agreements the holders of the voting trust certificates issued in connection with the merger of Westbury Electronics, Inc., were somehow entitled to remain stockholding members of the enterprise or, in the alternative, were entitled to the stated investment value of their original Westbury shares. The voting trust agreements contain no provision for such rights. Nor do they sustain any implication of an agreement or covenant to that effect. The references to stated investment value are limited to the right of first refusal in the event Westbury holders should elect to sell their certificates to outsiders. Consequently, the causes of action based upon the voting trust agreements as they are written are insufficient. Insofar as plaintiff alleges a claim for reformation of the voting trust agreements the allegations fall short of laying the basis entitling plaintiff to reformation. All that is alleged is, conclusorily, that by mutual mistake a provision stating the understanding was inadvertently omitted from the written agreement. This is not sufficient (CPLR 3016, subd. [b]). Moreover, the law does not permit reformation of agreements to embrace conditions not agreed upon or contemplated by the parties and in the absence either of mistake or fraud, unilateral or bilateral (*Hotel Credit Card Corp.* v. *American Express Co.*, 13 A D 2d 189, 193, 194; 6 N. Y. Jur., Cancellation and Reformation of Instruments, § 24). It is interesting that in allegations 40 and 41, not incorporated in the reformation cause of action, it is alleged that there was a purpose to provide the Westbury holders with stock in any successor corporation but that the kind of subsequent merger which resulted was not contemplated by the parties to the voting trust agreements. It is notable too in this connection, specifically, and generally, that the complaint does not otherwise allege mistake or fraud in any

of the several aspects of the transactions described. The causes of action seeking recovery of various fees and expenses need not be discussed. They fall with the failure of the principal causes of action. Concur — Breitel, J. P., McNally, Stevens, Eager and Staley, JJ.