■ BRINTEC CORPORATION, Appellant, v AKZO N. V. et al., Respondents.—Order, Supreme Court, New York County (Carol Huff, J.), entered on March 5, 1990, which, *inter alia,* granted defendants' motion pursuant to CPLR 3211, 3016 (b) and 3013 to dismiss the complaint with prejudice, unanimously affirmed, with costs.

In the underlying action, plaintiff, a corporation engaged in the design, manufacture and marketing of electronic and electrical interconnection products and systems, sought monetary damages from the defendants in the sum of $289,705.52, premised upon breach of contract, mistake, and unjust enrichment, in connection with the acquisition by plaintiff of several divisions of defendant Akzona, Inc., including the General Circuits and Nonotuck Divisions pursuant to a Parent Agreement and Purchase Agreement between the parties executed in 1983.

Upon examination of the record, we find that the IAS court properly dismissed plaintiff's complaint in its entirety, with prejudice.

Specifically, plaintiff's first cause of action for breach of contract, alleging that the defendants were obligated to provide and pay for life insurance and health insurance benefits for former employees of the General Circuits and Nonotuck Divisions pursuant to section 4.8 of the parties' Purchase Agreement, was time-barred by section 10.5 of the Purchase Agreement, which expressly provided that any claims arising from such representations terminated on September 30, 1985, more than three years before plaintiff first gave notice of its claim for an alleged breach of the aforementioned representation. It is well-settled that such an agreement, which modifies the statute of limitations by specifying a shorter, but reason-

able period within which to commence an action, is enforceable provided it is in writing *(Kassner & Co. v City of New York,* 46 NY2d 544, 551; *Yeshiva Univ. v Fidelity & Deposit Co.,* 116 AD2d 49).

Similarly, plaintiff's second cause of action for unjust enrichment, premised upon defendants' purported obligation under the Parent and Purchase Agreements to provide ongoing benefits to former employees of the defendants' divisions, was properly dismissed on the ground that recovery in quasi-contract only applies in the absence of an express agreement *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388).

Finally, we find that the plaintiff's third cause of action based upon mistake, wherein the plaintiff merely made the conclusory allegation that "between December, 1983 and April, 1989, [plaintiff] inadvertently paid $289,705.52 as premiums for life insurance and health insurance benefits for the former Akzo employees", failed to set forth facts constituting the alleged mistake with the particularity required by CPLR 3016 (b). Plaintiff's failure to submit a detailed affidavit by a person having personal knowledge of the facts constituted a fatal defect in its position *(New York Fruit Auction Corp. v City of New York,* 81 AD2d 159, 161, *affd* 56 NY2d 1015; *Abajian v Compagnie Generale de Telegraphie Sans Fil,* 23 AD2d 553, *affd* 17 NY2d 553).

We have considered the plaintiff's remaining contentions and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Kassal, JJ.