■ DAVIDSON METALS CORP., Appellant, v MARLO DEVELOPMENT COMPANY et al., Respondents. [656 NYS2d 675] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated September 23, 1996, as granted those branches of the defendants' motion which were to dismiss the plaintiff's third and fourth causes of action, and denied the plaintiff's cross motion for leave to enter a default judgment and to impose sanctions.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly dismissed the plaintiff's third cause of action alleging negligent misrepresentation, since the record contains evidence negating the plaintiff's reliance on the warranty in the contract at issue *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Pappas v Harrow Stores,* 140 AD2d 501, 504; *see also, Heard v City of New York,* 82 NY2d 66, 75).

The Supreme Court also properly dismissed the plaintiff's fourth cause of action alleging unjust enrichment, since it was based upon the undisputed existence of a contract between the plaintiff and the defendant Marlo Development Company, and the scope of the claim was covered by the contract *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389; *John Doris, Inc. v Guggenheim Found.,* 209 AD2d 380; *see also, Brintec Corp. v Akzo N.V.,* 171 AD2d 440).

Further, the Supreme Court properly denied the plaintiff's cross motion for leave to enter a default judgment, and for the imposition of sanctions against the defendants *(see, Szolosi v Long Is. R. R. Co.,* 52 Misc 2d 1081; *see also, Junior v City of New York,* 85 AD2d 683, 684-685; CPLR 2004; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3024:5, at 324). Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.