■ TIRSO NEGRON, Appellant, v NEW YORK MEDICAL COLLEGE, Respondent. [715 NYS2d 671] —In an action, *inter alia*, to recover damages for employment discrimination, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered September 7, 1999, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the conclusion of the Supreme Court that the plaintiff's first through seventh causes of action seek recovery in quantum meruit, not for breach of contract, and therefore must be dismissed because they relate to the employment relationship between the parties, which is governed by an express agreement (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382; *Epelbaum v Nefesh Achath B'Yisrael*, 237 AD2d 327). Similarly, the eighth cause of action sounding in fraud,

and the ninth cause of action alleging unjust enrichment, were properly dismissed (*see, Davidson Metals Corp. v Marlo Dev. Co.,* 238 AD2d 465; *Cleffi v Crescent Beach Club,* 222 AD2d 642). To the extent the plaintiff contends that he pleaded causes of action alleging breach of contract, he has failed to demonstrate any breach of his employment agreement.

Further, the causes of action alleging employment discrimination were properly dismissed, as they were supported only by conclusory statements of no probative value which did not raise material issues of fact (*see generally, McDonnell Douglas Corp. v Green,* 411 US 792; *Shumway v United Parcel Serv.,* 118 F3d 60, 64).

In light of our determination, it is unnecessary to address the plaintiff's contention regarding the inapplicability of the Employment Retirement Income Security Act of 1974 (*see,* 29 USC § 1001 *et seq.*). Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.