■ SHEILA CHARYN, Appellant, v NATIONAL WESTMINSTER BANK, U.S.A., Respondent. [612 NYS2d 432] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated May 18, 1992, as dismissed the first and second causes of action asserted in her complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will terminable at any time by either party *(see, Sabetay v Sterling Drug,* 69 NY2d 329; *Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Marvin v Kent Nursing Home,* 153 AD2d 553). To sustain a cause of action for breach of an employment contract, the employee must demonstrate that the employment manual contained a clear and express limitation that the employee would not be terminated or disciplined except for cause, and that the plaintiff specifically relied upon this language *(see, Paruolo v Cohen,* 167 AD2d 454).

Summary judgment was properly granted to the defendant since the plaintiff's employment was not terminated and she did not allege any significant reliance upon the employee handbook other than to state that she believed that she would be permitted to take a leave of absence upon her child's illness. She did not forego any opportunities nor was she induced to take any action as a result of the statements in the handbook. Further, she did not sign an employment application which stated that the provisions in the handbook were controlling *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). Additionally, the handbook in this case specifically stated that "[n]one of the provisions contained or referred to in this Handbook * * * grant a legal right to employment to any employee of the Bank", nor did the handbook establish contractually binding procedures relating to the disciplining of employees.

We note that although the Supreme Court dismissed the complaint in its entirety based on the defendant's motion for that relief, the plaintiff does not challenge the dismissal of the third cause of action of her complaint on this appeal. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.