■ MICHAEL J. HOWLEY, Appellant, v NEWSDAY, INC., Re-

spondent. [627 NYS2d 85] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated January 10, 1994, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

It is well established that, absent an agreement to the contrary, an employment relationship is presumed to be one which is terminable at the will of either party *(see, Sabetay v Sterling Drug,* 69 NY2d 329; *Murphy v American Home Prods. Corp.,* 58 NY2d 293). To sustain a cause of action for breach of an employment contract, a discharged employee must show that the employee handbook, or some other enforceable employment contract, contained an express limitation prohibiting the employee's discharge except for cause, and that the employee specifically relied upon this language *(see, Sabetay v Sterling Drug, supra; Charyn v National Westminster Bank,* 204 AD2d 676; *Paruolo v Cohen,* 167 AD2d 454).

In the instant case, the record shows that the plaintiff was explicitly hired as an at-will employee. The plaintiff has failed to establish that his employment could be terminated only for cause. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.