**Anngela COOPER, Plaintiff,**

**v.**

**WYETH AYERST LEDERLE, International Chemical Workers Union Local 143, and Richard Dumas, Defendants.**

**No. 98 CIV 1865(BDP).**

United States District Court, S.D. New York.

Jan. 26, 1999.

Kim E. Greene, Deily Dautel & Mooney, Albany, NY, for Plaintiff.

David R. Jewell, Steven J. Fink, Orrick, Herrington & Sutcliff LLP, New York, NY, for Wyeth Ayerst & Dumas.

Paul E. Haberman, New York, NY, Co-counsel for Defendant Dumas.

Randall Vehar, International Chemical Workers Union Council, Akron, OH, Patricia McConnell, Vladeck, Waldman, Elias & Engelhard, P.C., New York, NY, for ICWUC.

## MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, District Judge.

Plaintiff Anngela Cooper brings this action against defendants Wyeth Ayerst Lederle; International Chemical Workers Union Council, Local 143, of the United Food and

Commercial Workers Union ("Union"); and Richard Dumas, alleging sexual and racial discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.;* the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1985(3); and the New York State Human Rights Law, Executive Law § 296 *et seq.* Defendants American Home Products Corporation ("AHP"), sued as Wyeth Ayerst Lederle, and Richard Dumas move to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Defendant Union also moves to dismiss pursuant to Fed.R.Civ.P. 12 and/or Rule 56. For the reasons stated below, defendants' motions are granted in part and denied in part.

## BACKGROUND

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court is obligated to construe the pleadings in the plaintiff's favor and accept as true all factual allegations in the complaint. *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). Likewise, in considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the Court must accept as true all material factual allegations in the Complaint and refrain from drawing inferences in favor of the party contesting jurisdiction." *Serrano v. 900 5th Avenue Corp.,* 4 F.Supp.2d 315, 316 (S.D.N.Y. 1998). The following facts are accordingly construed.

In 1977, Anngela Cooper, an African American woman, began working at Lederle Laboratories, the predecessor corporation to Wyeth Ayerst Lederle (hereinafter referred to as "AHP"). Around March 1996, Cooper's supervisor, Richard Dumas, allegedly began a course of conduct against Cooper that consisted of unwanted physical and verbal sexual abuse. Cooper contends that Dumas' conduct included sexual assault, violent sexual advances, unwanted physical touching, obscene language, and threats. Cooper also alleges that Dumas often demanded that she perform work-related tasks that would require her to be alone with him.

Cooper contends that she made repeated attempts to discuss this problem with Local 143C representatives, but they refused to take any action and claimed that it was not within their control. Cooper also claims that she reported Dumas' behavior to AHP's Director of Consumer Health Products, the Human Resources Department, the Plant Manager, and various medical personnel at the factory, but her reports were ignored.

Cooper contends that after she reported Dumas' behavior to AHP and the Union, Dumas' behavior worsened, and she was subjected to unwarranted disciplinary action in the form of a false disciplinary notice issued by Dumas to her in an attempt to terminate her employment. When Cooper filed a grievance protesting this notice, the Union allegedly tried to demote Cooper for "tearing up" the false disciplinary notice. Cooper contends that as a result of her treatment, she was forced to take a disability leave from work and to seek psychological and medical treatment for depression and related physical and emotional problems. By letter dated January 31, 1997, AHP informed Cooper that her complaints were baseless, and that she could either accept a demotion to a different job or return to work in her former position, continuing to report to Dumas. Cooper contends that defendants' failure to provide her with a working environment free of harassment, threats, and discrimination resulted in her constructive discharge on January 31, 1997.

On June 19, 1997, Cooper filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). On her charge, Cooper specifically stated, "I want this charge filed with only the EEOC." By letter dated January 13, 1998, the EEOC notified Cooper of her right to institute a civil action under Title VII of the Civil Rights Act of 1964. Plaintiff filed this action within ninety days of the receipt of her Notice of Right to Sue.

## DISCUSSION

42 U.S.C. § 2000e–5(c) provides that no charge may be filed with the EEOC,

> before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated ...

42 U.S.C. § 2000e-5(c). Defendants contend that because plaintiff specifically stated that she wanted her charge filed only with the EEOC, proceedings were never commenced with the New York State Division of Human Rights ("NYSDHR"), and this Court thus lacks subject matter jurisdiction over this action.

At the time plaintiff filed her EEOC charge, there was a Worksharing Agreement in place between the NYSDHR and the EEOC. This agreement provided: "In order to facilitate the assertion of employment rights, the EEOC and the [NYSDHR] each designate the other as its agent for the purpose of receiving and drafting charges." Fiscal Year 1997 Worksharing Agreement between NYSDHR and EEOC, § II(A). In addition, the NYSDHR waived its right of exclusive jurisdiction to initially process charges in order to allow the EEOC to proceed immediately with the processing of such charges before the sixty-first day. *Id.* at § III(A)(1). Under such agreements, courts in this Circuit have held that filing a charge with one agency would also constitute a filing with the other. *See, e.g., Ford v. Bernard Fineson Dev. Ctr.,* 81 F.3d 304, 308 (2d Cir. 1996) (date of NYSDHR's receipt of charge was equivalent of plaintiff's filing EEOC charge on that date); *McGuirk v. Eastern Gen. Ins. Agency,* 997 F.Supp. 395, 398 (W.D.N.Y.1998) (pursuant to Worksharing Agreement, EEOC's filing of plaintiff's complaint served as filing with both EEOC and NYSDHR); *Figueira v. Black Entertainment Television, Inc.,* 944 F.Supp. 299, 303 (S.D.N.Y.1996) (same); *Wanamaker v. Columbian Rope Co.,* 713 F.Supp. 533, 542 (N.D.N.Y.1989) (even where plaintiff expressly instructed the EEOC not to file his charge with the NYSDHR, plaintiff had commenced proceedings with NYSDHR where EEOC had forwarded charge to NYSDHR pursuant to standard procedure), *aff'd,* 108 F.3d 462 (2d Cir.1997).

■ In this case, defendants argue that because Cooper wrote on her EEOC charge, "I want this charge filed with only the EEOC," proceedings were never commenced with the NYSDHR. Under the Worksharing Agreement, however, a charge filed with one agency is automatically filed with the other. This dual filing is brought about by agency regulation, not personal preference. *See, e.g., Ford v. Bernard Fineson Dev. Ctr.,* 81 F.3d at 307 (Worksharing Agreement "operates pursuant to and in the manner of a governmental regulation"). Since it is undisputed that the filing with the EEOC was accepted, not rejected, that filing also constituted filing with the NYSDHR. Cooper's announcement of her preference could not (and did not) amend or circumvent the arrangement crafted by the EEOC and the NYSDHR, an arrangement intended to facilitate, not confuse, the functioning of an important remedial statute. In any event, this Court reads plaintiff's instructions to the EEOC to reflect a conclusion—entirely reasonable to reach, but unnecessary to state—that, with the Worksharing Agreement in place, a redundant filing with the NYSDHR that might complicate or delay her claim was unnecessary. Defendants' motion to dismiss plaintiff's complaint on the grounds that proceedings were not commenced with the NYSDHR is denied.[1]

*Plaintiff's Claims for Race Discrimination*

■ Both defendants move to dismiss plaintiff's claims for race discrimination, con-

1. This Court notes that even if a filing with the EEOC was not deemed a filing with the NYSDHR, this case would be appropriate for equitable tolling of the one year limitations period for the filing of a complaint with the NYSDHR. *See* N.Y. Executive Law § 297(5). "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996). Equitable tolling has been allowed, for example, when a plaintiff has "asserted his rights in the wrong forum." *Id.* The Supreme Court has held that the timely filing of a charge of discrimination with the EEOC "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). In addition, federal courts have the power to toll statutes of limitation borrowed from state law "where application of the statute of limitations would frustrate the policy underlying the federal cause of action." *Jewell v. County of Nassau,* 917 F.2d 738, 740 (2d Cir. 1990).

tending that plaintiff's claims are too conclusory to withstand a Rule 12(b)(6) motion. In order to state a claim for race discrimination pursuant to 42 U.S.C. § 1981, a plaintiff must allege facts to show: 1) she is a member of a racial minority; 2) defendant had an intent to discriminate on the basis of race; and 3) the discrimination involved one or more of the activities enumerated in the statute. *Mian v. Donaldson, Lufkin & Jenrette Securities,* 7 F.3d 1085, 1087 (2d Cir.1993). In addition, the plaintiff must "specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Yusuf v. Vassar College,* 35 F.3d 709, 713 (2d Cir.1994). "[A] complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." *Martin v. New York State Dep't of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978).

In this case, plaintiff's complaint contains only a single allegation that defendants discriminated against her on the basis of race: "Defendant Lederle intentionally refused to properly address plaintiff's internal complaints of harassment, discrimination and retaliation and defendant Local 143C refused to seek the proper remedy for her grievance concerning the false disciplinary notice because of plaintiff's race." Complaint, ¶ 20. Moreover, while plaintiff cites to paragraphs 15, 16, and 19–24 of her complaint in her opposition to defendants' motions to dismiss, those paragraphs fail to allege facts giving rise to any inference of discriminatory intent. Instead, those paragraphs pertain to defendants' allegedly insufficient response to plaintiff's claims of sexual harassment, and make wholly conclusory allegations that because of plaintiff's race, defendants improperly handled the grievance plaintiff filed in protest against the allegedly false disciplinary notice filed by Dumas. Accordingly, plaintiff's § 1981 claims of discrimination based on race are dismissed. Because plaintiff has failed to properly allege that the defendants' actions were motivated by racially discriminatory animus, plaintiff's § 1985(3) claims are dismissed as well.

*Union's Motion for Summary Judgment*

The Union moves for summary judgment pursuant to Fed.R.Civ.P. 56, contending that because plaintiff's EEOC charge was not served timely on the Union, the Court may not consider plaintiff's Title VII claims against the Union; that plaintiff's state law claims against the Union are preempted and should be dismissed with prejudice; and that plaintiff's claims against the Union should be dismissed because she has failed to exhaust her internal union remedies before bringing this lawsuit against the Union.[2] The Union's motion for summary judgment is granted in part and denied in part.

The Union contends that plaintiff's claims under the New York Human Rights Law are preempted by federal labor law, arguing that resolution of plaintiff's discrimination claims against the Union will require that this Court interpret provisions of the collective-bargaining agreement between the Union and the defendant employer. Plaintiff, on the other hand, argues that because her state law discrimination claims against the Union do not seek redress for violations of the collective-bargaining agreement, they are not preempted by federal labor law.

In *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), the Supreme Court addressed the question of when § 301 of the Labor Management Relations Act of 1947[3]

2. Both parties have submitted materials outside the pleadings, which the Court has considered for purposes of the Union's summary judgment motion.

3. This provision provides for federal court jurisdiction over alleged violations of collective bargaining agreements, and provides:

> Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

preempted application of state law. Reasoning that § 301 "mandated resort to federal rules of law in order to ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes," *Id.* at 404, 108 S.Ct. at 1880, the Court held that "an application of state law is preempted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective-bargaining agreement." *Id.* at 413, 108 S.Ct. at 1885. Following *Lingle,* courts in our Circuit have held a variety of claims brought against Unions—including state law discrimination claims—to be preempted by federal law, where resolution of the claim would require interpreting terms of the collective-bargaining agreement. *See, e.g., Sheehan v. United States Postal Serv.,* 6 F.Supp.2d 141, 148–49 (N.D.N.Y.1997) (state law claims for wrongful discharge and conspiracy were preempted); *Snay v. United States Postal Serv.,* 31 F.Supp.2d 92, 99–100, 1998 WL 842356 (N.D.N.Y.1998) (state law claims for discrimination on the basis of gender and disability were preempted); *Hess v. B & B Plastics Div. of Metal Cladding, Inc.,* 862 F.Supp. 31, 34 (W.D.N.Y.1994) (state law claims that Union discriminated against plaintiff on basis of sex were preempted).

In this case, plaintiff's complaint asserts state law claims against the Union for discrimination on the basis of race and gender. Among plaintiff's allegations against the Union is that the Union failed to appropriately address her claims of Dumas' harassment and abuse, and that plaintiff's grievance against Dumas was not properly addressed or resolved. Resolving these claims will require this Court to interpret provisions of the collective-bargaining agreement: for example, how the Union should address employee grievances. Accordingly, this Court finds plaintiff's state law claims preempted.

The Union also argues that because the EEOC never served a copy of plaintiff's EEOC charge on the Union, and because plaintiff's Right to Sue letter does not identify the Union as a respondent, this Court may not consider plaintiff's claims against the Union. As plaintiff correctly points out, however, both of these alleged deficiencies occurred as a result of the EEOC's errors and are not attributable to plaintiff. Because agency errors should not work to a claimant's detriment, the Union's motion for summary judgment on these grounds is denied. *See, e.g., Jackson v. Richards Medical Co.,* 961 F.2d 575, 587 n. 11 (6th Cir.1992) ("courts have consistently applied principles of equitable tolling to prevent the party from being penalized for the Commission's mistakes"); *Zambuto v. American Telephone and Telegraph Co.,* 544 F.2d 1333, 1336 (5th Cir.1977) ("we will not visit the effects of EEOC's erroneous practice on [plaintiff]"); *Shumway v. Hendricks,* No. 93–CV–485, 1994 WL 672656, *3 (N.D.N.Y. Nov. 28, 1994).

With respect to the Union's remaining arguments, this Court finds that triable issues of fact exist with respect to, *inter alia,* the timeliness of plaintiff's EEOC charge, whether the Union discriminated against plaintiff on the basis of her gender, and whether any internal Union appeal would have been futile. Accordingly, the remainder of the Union's summary judgment motion is denied.

## CONCLUSION

For the foregoing reasons, defendants' motions are granted in part and denied in part. The Clerk of the Court is directed to dismiss 1) plaintiff's claims for race discrimination pursuant to 42 U.S.C. § 1981 and § 1985, and 2) plaintiff's state law claims pursuant to New York Executive Law § 296. The parties shall appear for a pretrial conference pursuant to Rule 16, Fed.R.Civ.P. on February 2, 1999 at 9:00 a.m.

**SO ORDERED.**