■ ROXALANA JORDAN, Respondent, v AMERICAN INTERNA-TIONAL GROUP, INC., Appellant. [725 NYS2d 232] —In an action, *inter alia,* to recover damages for discrimination based upon race pursuant to the New York State Human Rights Law (Executive Law art 15), the defendant appeals from so much of an order of the Supreme Court, Kings County (Mason, J.), dated November 14, 2000, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant demonstrated the absence of a prima facie case of discrimination under Executive Law § 296 and that it had a facially valid, independent, and nondiscriminatory reason for the questioned conduct (*see, Ferrante v American Lung*

*Assn.,* 90 NY2d 623, 631). The burden then shifted to the plaintiff to raise a material issue of fact with respect to whether the claimed reason for the defendant's failure to promote her and for her termination was, in reality, merely a pretext for illegal discrimination (*see, Texas Dept. of Community Affairs v Burdine,* 450 US 248, 253; *see also, McDonnell Douglas Corp. v Green,* 411 US 792, 804; *cf., Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937, 939). However, the plaintiff proffered nothing beyond bare, unsubstantiated assertions of animus towards her because of her race (*see, Negron v New York Med. Coll.,* 277 AD2d 292; *Trovato v Air Express Intl.,* 254 AD2d 349; *Matter of Engoren v County of Nassau,* 163 AD2d 520, 521). There is ample evidence that the plaintiff was discharged, not because of unlawful discrimination, but because of her unsatisfactory job performance. Thus, the plaintiff failed to establish the existence of any material issue of fact (*cf., Ferrante v American Lung Assn., supra,* at 631). Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.