■ MARIANNE OROSS, Respondent, v GOOD SAMARITAN HOSPITAL, Appellant. [751 NYS2d 580] —In an action, inter alia, to recover damages for breach of an employment agreement, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 7, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

It is well settled that "[a]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time for any reason or no reason by either party" (*Poplawski v Metropolitan Prop. & Cas. Ins. Co.,* 262 AD2d 543, 544). To sustain a cause of action alleging breach of an employment contract, "a discharged employee must show that the employee handbook, or some other enforceable employment contract, contained an express limitation prohibiting the employee's discharge except for cause, and that the employee specifically relied upon this language" (*Howley v Newsday, Inc.,* 215 AD2d 729, 730).

Here, the defendant Good Samaritan Hospital (hereinafter

the Hospital) established that the plaintiff was hired as an at-will employee. After the Hospital made out a prima facie case for summary judgment, the plaintiff failed to raise a triable issue of fact that her employment could be terminated only for cause (*see Howley v Newsday, Inc., supra*). The plaintiff alleged that she relied upon a grievance procedure outlined in an employee handbook to prevent her from being terminated by the Hospital. However, "[a] limitation on an employer's right to terminate at-will employment will not be inferred solely from 'the existence of an internal grievance procedure' in a policy manual" (*Fisher-Jackson v La Guardia Hosp.*, 187 AD2d 696, quoting *Matter of Fiammetta v St. Francis Hosp.*, 168 AD2d 556, 557). Accordingly, the plaintiff cannot maintain a cause of action to recover damages for breach of an employment agreement (*see Poplawski v Metropolitan Prop. & Cas. Ins. Co., supra*).

Furthermore, the Hospital established its entitlement to judgment as a matter of law on the second cause of action alleging discrimination by submitting evidence demonstrating that the plaintiff was terminated from her job as a result of her misconduct and not as a result of discrimination (*see Ferrante v American Lung Assn.*, 90 NY2d 623). In opposition, the plaintiff failed to raise a triable issue of fact as to whether she was terminated because of her gender.

Therefore, the Supreme Court erred in denying the Hospital's motion for summary judgment dismissing the complaint. S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.