■ DAPHNE KING, Appellant, v BROOKLYN SPORTS CLUB et al., Respondents. [759 NYS2d 339] —In an action, inter alia, to recover damages for discrimination in violation of Executive Law § 296, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Hubsher, J.), dated June 17, 2002, which denied her motion for summary judgment on the complaint, granted the defendants' cross motion for summary judgment dismissing the complaint, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff was an at-will employee of the defendant Brooklyn Sports Club for approximately two years. She was terminated for alleged unprofessional conduct and inappropriate actions. The plaintiff commenced this action alleging that she was wrongfully terminated in violation of the Executive Law. Upon the completion of disclosure, the plaintiff moved and the defendants cross-moved for summary judgment. The Supreme Court denied the plaintiff's motion, granted the defendants' cross motion, and dismissed the complaint. We affirm.

To establish a prima facie case of discrimination under the Executive Law, the plaintiff must plead and prove that (1) she is a member of a protected class, (2) she was actively or constructively discharged, (3) she was qualified to hold the position from which she was discharged, and (4) the discharge occurred under circumstances giving rise to an inference of discrimination (*see Ferrante v American Lung Assn.,* 90 NY2d 623, 629 [1997], citing *McDonnell Douglas Corp. v Green,* 411 US 792, 802 [1973]). The plaintiff failed, in the first instance, to sustain her burden on the motion for summary judgment, because she failed to either plead or prove that she was a member of a particular protected class, and she did not prove that she was terminated from her employment under circumstances giving rise to an inference of discrimination (*cf. Taverna v Microchip Tech.,* 268 AD2d 520 [2000]).

Moreover, the defendants sustained their burden on their

cross motion of establishing their entitlement to judgment as a matter of law by demonstrating the absence of a prima facie case of discrimination under Executive Law § 296, and that they had a facially valid, independent, and nondiscriminatory reason for the termination of the plaintiff's employment (*see Oross v Good Samaritan Hosp.,* 300 AD2d 457 [2002]; *Jordan v American Intl. Group,* 283 AD2d 611 [2001]; *cf. Ferrante v American Lung Assn., supra* at 631). The defendants submitted excerpts of the plaintiff's examination before trial at which she testified that she did not believe she was discriminated against because she was a woman or because of her race. The burden then shifted to the plaintiff to raise a question of fact with respect to whether the claimed reason for her termination was, in reality, merely a pretext for illegal discrimination (*see Texas Dept. of Community Affairs v Burdine,* 450 US 248, 253 [1981]; *McDonnell Douglas Corp. v Green, supra* at 804; *Jordan v American Intl. Group, supra* at 612; *cf., Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937, 939 [1985]). In opposition, the plaintiff proffered only bare unsubstantiated assertions that she was treated differently from other employees (*see Oross v Good Samaritan Hosp., supra*).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment, granted the defendants' cross motion for summary judgment dismissing the complaint, and dismissed the complaint.

The plaintiff's remaining contentions are without merit. Florio, J.P., Schmidt, Townes and Crane, JJ., concur.