■ LINDA LAUB, Respondent, v ST. VINCENT'S MEDICAL CENTER OF RICHMOND, Appellant. [761 NYS2d 97] —In an action, inter alia, to recover damages for employment discrimination in violation of Executive Law § 296, the defendant appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated March 7, 2002, which denied its motion for summary judgment dismissing the cause of action to recover damages for employment discrimination in violation of Executive Law § 296.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the cause of action to recover damages for employment discrimination in violation of Executive Law § 296 is dismissed.

The plaintiff, a registered nurse, was employed by the defendant from September 1981 until November 1990, and generally was assigned as a circulating or scrub nurse in the defendant's operating room. In November 1989, the plaintiff, who had been abusing the prescription pain-killer Demerol, took a leave of absence from the employ of the defendant and entered a rehabilitation program. She was permitted to return to her position in January 1990 on condition that she agree to certain terms. Among other terms, the plaintiff was required to adhere to the defendant's attendance policy, act in a professional manner, and maintain acceptable employee performance appraisals. The plaintiff signed a letter containing these terms, which expressly provided that a violation would result in the termination of her employment.

The plaintiff was discharged by the defendant in November 1990. She then commenced this action, inter alia, to recover damages for employment discrimination under Executive Law article 15 alleging that the defendant discharged her because it perceived her as a drug user. The Supreme Court denied the defendant's motion for summary judgment dismissing the employment discrimination claim.

The defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it had valid

nondiscriminatory reasons for the plaintiff's discharge (*see Cooks v New York City Tr. Auth.*, 289 AD2d 278, 279 [2001]; *Jordan v American Intl. Group*, 283 AD2d 611 [2001]; *see also Griel v Franklin Med. Ctr.*, 234 F3d 731, 733 [2000]; *Craig-Oriol v Mount Sinai Hosp.*, 201 AD2d 449, 450 [1994]; *Matter of Shapiro v Community School Dist. No. 13*, 111 AD2d 853 [1985]). Specifically, the evidence submitted by the defendant established that the plaintiff had been given two written warnings regarding absenteeism, had committed an error in submitting documentation accompanying a urine specimen, and had a substandard job performance evaluation, all of which violated the terms of employment to which she had agreed, after returning from her medical leave of absence.

In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether the defendant's stated reasons for her discharge were pretextual (*see Cooks v New York City Tr. Auth., supra* at 279; *Jordan v American Intl. Group, supra* at 612). Smith, J.P., S. Miller, Crane and Cozier, JJ., concur.