■ GEETA PRAMDIP, Respondent, v BUILDING SERVICE 32B-J HEALTH FUND, Appellant. [765 NYS2d 44] —In an action, inter alia, to recover damages for discrimination based upon race and national origin pursuant to the New York State Human Rights Law (Executive Law art 15), the defendant appeals from an order of the Supreme Court, Queens County (Hart, J.), dated February 10, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

To establish a prima facie case of discrimination under Executive Law § 296, the plaintiff must plead and prove that (1) she is a member of a protected class, (2) she was actively or constructively discharged, (3) she was qualified to hold the position from which she was discharged, and (4) the discharge occurred under circumstances giving rise to an inference of discrimination (*see Ferrante v American Lung Assn.,* 90 NY2d 623, 629 [1997]). Once a prima facie case is made, the burden shifts to the employer to rebut the presumption with evidence that the plaintiff was discharged for a legitimate, nondiscriminatory reason. If such evidence is produced, the presumption is rebutted and the factfinder must determine whether the proffered reasons are merely a pretext for discrimination. A factfinder who concludes that the proffered reasons are pretextual is permitted to infer the ultimate fact of discrimination but is not required to do so (*see Mittl v New York State Div. of Human Rights,* 100 NY2d 326 [2003]).

Here, the defendant demonstrated the absence of a prima facie case of discrimination under Executive Law § 296 and that it had a facially valid, independent, and nondiscriminatory reason to discharge the plaintiff (*see King v Brooklyn Sports Club*, 305 AD2d 465 [2003]; *Jordan v American Intl. Group*, 283 AD2d 611 [2001]). "The burden then shifted to the plaintiff to raise a question of fact with respect to whether the claimed reason for her termination was, in reality, merely a pretext for illegal discrimination" (*King v Brooklyn Sports Club, supra* at 466). However, the plaintiff produced nothing beyond bare, unsubstantiated assertions of animus toward her because of her race (*see Jordan v American Intl. Group, supra* at 612; *Oross v Good Samaritan Hosp.*, 300 AD2d 457 [2002]). There is ample evidence that the plaintiff was discharged, not because of unlawful discrimination, but because of her unsatisfactory job performance including, but not limited to, the processing of nonexistent employee benefits claims for payment. The plaintiff therefore failed to establish the existence of a material issue of fact and the defendant's motion for summary judgment dismissing the complaint should have been granted (*see Scott v Citicorp Servs.*, 91 NY2d 823, 825 [1997]; *King v Brooklyn Sports Club, supra*; *Jordan v American Intl. Group, supra*; *cf. Mittl v New York State Div. of Human Rights, supra*; *Ferrante v American Lung Assn., supra* at 631). Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.