RITA W. GORDON, Appellant, v SAMUEL KADET et al., Respondents. [943 NYS2d 535]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered May 26, 2011, which granted defendants' motion for summary judgment dismissing the complaint, and order, same court and Justice, entered June 1, 2011, which denied plaintiff's motion to amend the complaint as moot, unanimously affirmed, with costs.

In this discrimination action, plaintiff alleges that the defendant law firm terminated her because of her age and gender. The motion court properly determined that plaintiff failed to meet her burden of showing that she was discharged under circumstances giving rise to an inference of discrimination (*see Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 35 [2011]; *Hazen v Hill Betts & Nash, LLP*, 92 AD3d 162 [2012]). Even assuming arguendo that plaintiff had met that burden, defendant law firm offered legitimate, non-discriminatory reasons for plaintiff's termination since she had engaged in misconduct by, over a period of several years, using a car service hundreds of times in violation of defendant's policy. Plaintiff would commute to and from her home, and to her personal appointments and the office, and then charge those trips to various clients. Plaintiff failed to show that defendants' stated reasons for her termina-

tion were false or pretextual or that defendants were motivated by discrimination (*see Bennett*, 92 AD3d at 39).

The motion court did not abuse its discretion in denying plaintiff's motion to amend the complaint to add a claim under Judiciary Law § 487 and to add a partner at the law firm as a party. Plaintiff failed to allege facts demonstrating that the law firm or its partners intended to commit deception in a letter to the Departmental Disciplinary Committee reporting plaintiff's misconduct.

We have considered plaintiff's remaining claims and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.