ALLAN B. MENDELSOHN, Appellant, v NEW YORK RACING ASSOCIATION, INC., Respondent. [23 NYS3d 249]—

In an action, inter alia, to recover damages for employment discrimination and unlawful retaliation in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated August 28, 2013, as granted those branches of the defendant's cross motion which were for summary judgment dismissing the fourth, fifth, sixth, and seventh causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

German A. Toro was a former employee of the defendant. Prior to his death, Toro commenced this action alleging that the defendant discriminated against him based on his age, gender, race, and national origin. He alleged that the defendant denied him a promotion, suspended his employment on two occasions, and ultimately terminated his employment based on improper discrimination and retaliation.

The Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the fourth and sixth causes of action, which alleged employment discrimination in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107. The defendant established its prima facie entitlement to judgment as a matter of law dismissing these causes of action by showing that it had legitimate, nondiscriminatory reasons for the actions at issue. In opposition, the plaintiff, Allan B. Mendel-

sohn, as trustee of the estate of German A. Toro, failed to raise a triable issue of fact as to whether the reasons proffered for the actions of the defendant were a mere pretext for unlawful discrimination (*see Cotterell v State of New York*, 129 AD3d 653 [2015]; *Miranda v ESA Hudson Val., Inc.*, 124 AD3d 1158, 1161-1162 [2015]; *Gordon v Kadet*, 95 AD3d 606 [2012]; *Best v Peninsula N.Y. Hotel Mgt.*, 309 AD2d 524 [2003]; *Pramdip v Building Serv. 32B-J Health Fund*, 308 AD2d 523 [2003]; *Jordan v American Intl. Group*, 283 AD2d 611 [2001]).

The defendant also established its prima facie entitlement to judgment as a matter of law dismissing the fifth and seventh causes of action, which alleged unlawful retaliation in violation of Executive Law § 296 and Administrative Code of City of New York § 8-107. The defendant established, prima facie, that it did not unlawfully retaliate against Toro based on his protected activity of filing an Equal Employment Opportunity Commission complaint or related activity, and that it had legitimate, nondiscriminatory reasons for the challenged actions. In opposition, the plaintiff failed to raise a triable issue of fact (*see Swan v St. John's Univ.*, 116 AD3d 946 [2014]; *Brightman v Prison Health Serv., Inc.*, 108 AD3d 739, 741-742 [2013]; *Baldwin v Cablevision Sys. Corp.*, 65 AD3d 961, 967 [2009]).

The parties' remaining contentions need not be reached in light of our determination. Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.