Ramos v Metro N. Commuter R.R. (2021 NY Slip Op 00272)





Ramos v Metro N. Commuter R.R.


2021 NY Slip Op 00272


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Index No. 153742/18 Appeal No. 12914 Case No. 2020-02499 

[*1]Andrea Ramos, Plaintiff-Respondent-Appellant,
v
Metro North Commuter Railroad et al., Defendants-Appellants-Respondents, Metropolitan Transportation Authority et al., Defendants.


Hoguet, Newman, Regal & Kenney LLP, New York (Damian R. Cavaleri of counsel), for appellants-respondents.
Jacob Fuchsberg Law Firm, New York (Alan L. Fuchsberg of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about April 28, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment to the extent of dismissing plaintiff's claims against the individual defendants and the Metropolitan Transportation Authority (MTA), and otherwise denied the motion, unanimously modified, on the law, to dismiss plaintiff's claims of age discrimination under both the New York State Human Rights Law (State HRL) and New York City Human Rights Laws (City HRL), to reinstate the other claims against the individual defendants, and otherwise affirmed, without costs.
In this employment discrimination action, defendants established prima facie entitlement to summary judgment by proffering a legitimate, nondiscriminatory reason for terminating plaintiff's employment, as she had violated Metro-North's policy by failing to report her use of a muscle relaxant for her back condition (see e.g. Gordon v Kadet, 95 AD3d 606 [1st Dept 2012]).
In response, plaintiff raised a triable issue of fact as to whether discrimination was one motivating factor behind her termination, sufficient to support both her State and City HRL claim (see Sandiford v City of New York Dept. of Educ., 22 NY3d 914, 916 [2013]). Plaintiff's submissions show that she was placed on a performance improvement plan for conduct that her colleagues, who are not in her protected class, also engaged in; her prior FMLA applications documented her need for prescription medication; and she satisfactorily worked for Metro-North for nearly 10 years before being terminated.
The evidence also raises a material issue of fact as to whether defendants engaged in an interactive process and reasonable accommodation analysis prior to terminating plaintiff's employment (see Watson v Emblem Health Servs., 158 AD3d 179 [1st Dept 2018]; see also Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 827 [2014]). Although an in-person meeting to discuss any accommodation was not necessary, plaintiff demonstrated that she proposed reasonable accommodations that defendants failed to make (Pimentel v Citibank, N.A., 29 AD3d 141, 148 [1st Dept 2006], lv denied 7 NY3d 707 [2006]).
Defendants also failed to demonstrate entitlement to summary judgment on plaintiff's claim of hostile work environment under the City HRL. In support of her hostile work environment claim, plaintiff alleged that she was denied training opportunities given to her colleagues, she was left out of meetings, and she was reprimanded for failing to use the company car, despite being in the process of seeking a reasonable accommodation to avoid having to do so (see Suri v Grey Global Group, Inc., 164 AD3d 108 [1st Dept 2018], appeal dismissed 32 NY3d 1138 [2019]). Defendants did not show that the conduct complained of constituted nothing more than petty slights and trivial inconveniences to establish entitlement to summary judgment [*2](Williams v New York City Hous. Auth., 61 AD3d 62, 72-73, 80-81 [1st Dept 2009], lv denied 13 NY3d 702 [2009]); see also Hernandez v Kaisman, 103 AD3d 106, 113-114 [1st Dept 2012]).
Finally, defendants failed to establish prima facie entitlement to summary judgment on plaintiff's retaliation claim. The temporal proximity between plaintiff's EEOC complaint and the incident leading up to her termination, and her termination raises an issue of fact as to a causal connection, as these events occurred within weeks of each other (see Krebaum v Capital One, N.A., 138 AD3d 528 [1st Dept 2016]). Moreover, defendants' argument that plaintiff's violation of the prescription drug report policy is an intervening terminable offense, is unavailing, as there is a question of fact as to whether plaintiff's termination was motivated, in part, by discrimination (id. at 529).
As for plaintiff's claims against the individual defendants, it is submitted that these claims should not have been dismissed, as they each had the ability to do more than carry out personnel decisions made by others, and they participated in the conduct
complained of (see McRedmond v Sutton Place Rest. & Bar, Inc., 95 AD3d 671, 673 [1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021