■ OLGA V. DEFREITAS, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. — In an action to recover back pay, the defendant City of New York appeals from an order of the Supreme Court, Kings County (Monteleone, J.), dated November 4, 1981, which denied its motion for summary judgment dismissing plaintiff's complaint against it. The appeal brings up for review so much of an order of the same court, dated March 25, 1982, as, upon reargument, adhered to the original determination. Appeal from the order dated November 4, 1981 dismissed. That order was superseded by the order dated March 25, 1982, made on reargument. Order dated March 25, 1982 reversed insofar as reviewed, on the law, order dated November 4, 1981 vacated, motion granted, and plaintiff's complaint dismissed as against appellant. Appellant is awarded one bill of $50 costs and disbursements. Plaintiff was formerly employed as the executive director of the young mother's program of defendant Community Sponsors, Inc., a not-for-profit community services corporation. She was suspended from her position following her indictment on charges of misappropriation of funds. Although subsequently exonerated of those charges, she was not reinstated to her former position. In this action plaintiff does not request reinstatement but, rather, seeks to recover back pay allegedly due to her for the period during which she was suspended without pay. The appellant City of New York contends that if plaintiff is entitled to any moneys, such liability is solely that of her former employer, defendant Community Sponsors, Inc. Special Term found that the city exercised direct control over defendant Community Sponsors, Inc., with regard to the employment, suspension and reinstatement of the plaintiff and denied the city's motion for summary judgment dismissing the complaint as to it. We disagree. The contract between the Community Development Agency (CDA) of the Human Resources Administration of the City of New York and plaintiff's former employer expressly provides that "[w]ithout limiting the foregoing, the Agency [CDA] or the City shall not be liable for any payment made or any obligation incurred in connection with the discharge of any employee by the Contractor [plaintiff's former employer]." Although the CDA, an agency of the appellant, channels funding to community corporations such as defendant Community Sponsors, Inc., and in doing so, maintains certain fiscal controls and monitors their compliance with various State and Federal program requirements, it does not have direct control as would, in the face of the contractual disclaimer of liability, render it liable to the employees of those community corporations for wrongful termination or back pay (see *Lane v Greenidge,* 59 AD2d 712; see, also, *Kelly v Qualicap Community Corp. of Queensbridge-Astoria-Long Is. City,* US Dist Ct, SDNY, 80 Civ 3069, Oct. 19, 1981 [Gagliardi, J.], affd 697 F2d 291; *Charles v City of New York,* US Dist Ct, EDNY, 78 Civ 1054, May 20, 1980 [Nickerson, J.]; *Hunt v McDonough St. Community Center,* US Dist Ct, SDNY, 76 Civ 4923, March 7, 1977 [Metzner, J.]). Plaintiff's recourse is solely against her former employer, the defendant Community Sponsors, Inc. Accordingly, summary judgment should have been granted in favor of appellant dismissing the complaint as to it. Mollen, P. J., Gulotta, Brown and Boyers, JJ., concur.