■ MAVIS FISHER-JACKSON, Appellant, v LA GUARDIA HOSPITAL, Respondent.—In an action to recover damages for wrongful discharge, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated August 7, 1990, which granted the defendant's motion to dismiss the complaint for lack of subject matter jurisdiction.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that it lacked subject matter jurisdiction over the plaintiff's claim that her

employment was wrongfully terminated by the defendant hospital for the purpose of preventing her from obtaining a vested interest in its pension plan, as such a claim is governed by the provisions of the Federal legislation entitled the Employee Retirement Income Security Act (ERISA; 29 USC § 1001 *et seq.; see, Ingersoll-Rand Co. v McClendon,* 498 US 133; *Tolle v Carroll Touch Inc.,* 977 F2d 1129 [7th Cir]). Moreover, the Supreme Court properly dismissed the plaintiff's claim that she was wrongfully discharged because, as an at-will employee, her complaint had not alleged the elements necessary to sustain a cause of action for breach of an employment contract *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). Instead, the plaintiff alleged generally that she relied upon a grievance procedure outlined in the employee handbook to prevent her from being terminated from employment by the hospital. A limitation on an employer's right to terminate at-will employment will not be inferred solely from "the existence of an internal grievance procedure" in a policy manual *(Matter of Fiammetta v St. Francis Hosp.,* 168 AD2d 556, 557). Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.