■ BENJAMIN MURCHISON, Appellant, v COMMUNITY COUNSELING AND MEDIATION SERVICES, INC., Respondent. [646 NYS2d 10]

It is well settled that absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party (*see, Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410; *Sabetay v Sterling Drug*, 69 NY2d 329, 333). New York recognizes no tort for wrongful discharge, and a discharged employee may recover damages for breach of contract only if the employee can establish that the employer made the employee aware of its express written policy limiting its right of discharge and that the employee detrimentally relied on that policy in accepting the employment (*see, Matter of De Petris v Union Settlement Assn., supra; Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 465-466).

In the instant case, the plaintiff admitted that he was not aware of the provisions of the defendant's personnel manual at the time he was hired. He also admitted that he and the defendant never discussed the reasons for which he could be discharged. Under these facts, the plaintiff could not establish detrimental reliance and therefore had no cognizable cause of action for breach of contract against the defendant. Accordingly, the court properly granted that branch of the defendant's cross motion which was to dismiss the complaint.

The plaintiff's remaining contention is without merit. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.