■ WILLIAM DAUB, Appellant, v FUTURE TECH ENTERPRISE, INC., et al., Respondents, et al., Defendants. [885 NYS2d 115]—

In an action, inter alia, to recover damages for breach of contract, wrongful termination of employment, fraud, and conversion, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kerins, J.), dated January 16, 2008, which granted the motion of the defendants Future Tech Enterprise, Inc., Future Tech Services, Inc., Insource America, Inc., Robert Venero, and Tracy Venero pursuant to CPLR 3211 (a) (7) to dismiss the second, third, and seventh causes of action.

Ordered that the order is affirmed, with costs.

The plaintiff was employed by the defendant Future Tech Enterprise, Inc. (hereinafter Future Tech), as a sales representative until his employment was terminated in November 2006. The plaintiff alleges, inter alia, that prior to commencing employment with Future Tech, he entered into an oral employment agreement with the defendant Robert Venero, owner and president of Future Tech, and Future Tech's vice-president, setting forth the terms of his employment. The plaintiff also alleges that he was assured that he "would be working for [Future Tech] for a very long time" and that, partially based on that representation, he left his prior employment.

The plaintiff commenced this action alleging, inter alia, a cause of action sounding in wrongful termination of employment (second cause of action), and in fraud (third cause of action), as well as a cause of action to recover damages for conversion (seventh cause of action). Future Tech, along with the defendants Future Tech Services, Inc., Insource America, Inc.,

Robert Venero, and Tracy Venero (hereinafter collectively the defendants) moved to dismiss those causes of action and the Supreme Court granted their motion.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint must be liberally construed, giving the plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Mitchell v TAM Equities, Inc.*, 27 AD3d 703, 704 [2006]). In addition to accepting the allegations contained in the complaint as true, the Supreme Court may consider any factual submissions made in opposition to a motion to dismiss in order to remedy pleading defects (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409 [2001]; *Alsol Enters., Ltd. v Premier Lincoln-Mercury, Inc.*, 11 AD3d 493 [2004]). However, "[a] complaint containing factual claims that are flatly contradicted by documentary evidence should be dismissed" (*Well v Yeshiva Rambam*, 300 AD2d 580, 581 [2002]).

Applying these principles here, the Supreme Court properly granted the motion to dismiss the second, third, and seventh causes of action.

The second cause of action alleging wrongful termination of employment was properly dismissed since New York does not recognize a cause of action in tort for abusive or wrongful discharge of an at-will employee (*see Lobosco v New York Tel. Co./ NYNEX*, 96 NY2d 312, 316 [2001]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 297 [1983]; *Paisley v Coin Device Corp.*, 5 AD3d 748, 750 [2004]). Absent an express agreement which establishes that employment is for a fixed duration, an employment relationship is presumed to be at-will and can be freely terminated by either party at any time, for any reason or for no reason (*see Lobosco v New York Tel. Co./NYNEX*, 96 NY2d at 316; *Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410 [1995]; *Sabetay v Sterling Drug*, 69 NY2d 329, 333 [1987]; *Miller v Huntington Hosp.*, 15 AD3d 548 [2005]; *Chazen v Person/Wolisky, Inc.*, 309 AD2d 889 [2003]). The plaintiff failed to allege that the oral employment agreement established a fixed duration of employment.

The plaintiff failed to allege that, at the time that his employment commenced with Future Tech, he was made aware of any written policy limiting Future Tech's right to discharge an employee (*see Matter of De Petris v Union Settlement Assn.*, 86 NY2d at 410; *Matter of Hanchard v Facilities Dev. Corp.*, 85 NY2d 638 [1995]; *Murchison v Community Counseling & Mediation Servs.*, 228 AD2d 657, 658 [1996]). Furthermore, a copy of Future Tech's employee handbook submitted by the plaintiff in

opposition to the motion clearly established that the plaintiff's employment with Future Tech was at will.

With respect to the third cause of action, a fraud cause of action does not lie where the only fraud alleged relates to an alleged breach of a contract (*see Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1076-1077 [2007]; *Ross v DeLorenzo*, 28 AD3d 631, 636 [2006]). For a fraud cause of action, "[a] present intent to deceive must be alleged and a mere misrepresentation of an intention to perform under the contract is insufficient to allege fraud" (*WIT Holding Corp. v Klein*, 282 AD2d 527, 528 [2001]). The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the third cause of action sounding in fraud since the plaintiff failed to sufficiently plead that there was a misrepresentation of material fact which was collateral to the contract and served as an inducement for the contract (*see WIT Holding Corp. v Klein*, 282 AD2d at 528).

A cause of action alleging conversion should be dismissed when the plaintiff does not allege "legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights" (*Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 592 [2007]). Moreover, the mere right to payment cannot be the basis for a cause of action alleging conversion since the essence of a conversion cause of action is the "unauthorized dominion over the thing in question" (*Fiorenti v Central Emergency Physicians*, 305 AD2d 453, 454-455 [2003], quoting *Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]; *see Selinger Enters., Inc. v Cassuto*, 50 AD3d 766 [2008]).

Since the seventh cause of action is based upon an alleged contractual right to payment where the plaintiff never had ownership, possession, or control of the disputed funds, the Supreme Court properly granted that branch of the motion which was to dismiss the seventh cause of action to recover damages for conversion, as the plaintiff failed to state a cause of action (*see Castaldi v 39 Winfield Assoc.*, 30 AD3d 458 [2006]). Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.