■ In the Matter of JAY OLINER, Appellant, v SOVEREIGN BANK et al., Respondents. [999 NYS2d 856]—

In a proceeding pursuant to CPLR article 78 to review a determination of Sovereign Bank and Santander Bank dated May 3, 2013, which terminated the petitioner's employment, the

petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Feinman, J.), entered September 19, 2013, which granted the motion of Sovereign Bank and Santander Bank pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

"Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410 [1995]; *see Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 316 [2001]; *Daub v Future Tech Enter., Inc.*, 65 AD3d 1004, 1005 [2009]). "A disciplined or terminated employee may seek article 78 review to determine whether the employer contravened any of its own rules or regulations in taking . . . disciplinary action" (*Matter of Hanchard v Facilities Dev. Corp.*, 85 NY2d 638, 641-642 [1995]; *see Matter of Mitchell v Dowdell*, 172 AD2d 1032 [1991]).

Here, the petitioner alleged that the respondents, who had employed him since June 2009, acted arbitrarily and capriciously by failing to follow certain disciplinary procedures set forth in their personnel handbook prior to terminating his employment on May 3, 2013. Accordingly, the petition states a cause of action (*see* CPLR 3211 [a] [7]). However, the documentary evidence submitted by the respondents established a complete defense to the proceeding (*see* CPLR 3211 [a] [1]), as it "utterly refute[d]" the petitioner's factual allegations, "thereby conclusively establishing a defense as a matter of law" (*Mendelovitz v Cohen*, 37 AD3d 670, 670 [2007]). Specifically, the respondents' personnel handbook provided that "[t]he steps of the progressive discipline process are not guaranteed," and that management reserves the right to decide what disciplinary action is appropriate, including whether to proceed immediately to termination. Hence, the very document relied upon by the petitioner defeated his contention that the respondents were required to strictly comply with the disciplinary procedures articulated in that document. Moreover, "[a] limitation on the employer's right to terminate at-will employment will not be inferred solely from the existence of policy manuals or the existence of an internal grievance procedure" (*Matter of Fiammetta v St. Francis Hosp.*, 168 AD2d 556, 557 [1990]; *see Matter of De Petris v Union Settlement Assn.*, 86 NY2d at 410-412; *Oross v Good Samaritan Hosp.*, 300 AD2d 457, 458 [2002]; *Fisher-Jackson v La Guardia Hosp.*, 187 AD2d 696 [1992]).

Accordingly, the Supreme Court properly granted the respondents' motion pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition, and dismissed the proceeding.

In light of our determination, we need not reach the respondents' remaining contentions. Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.