■ AGNET DINGER, Doing Business as CIBELLE SALON, Appellant, v CHRISTOPHER CEFOLA et al., Respondents. [20 NYS3d 416]—

In an action, inter alia, to recover damages for wrongful eviction, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated December 13, 2013, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the causes of action alleging wrongful eviction and denied that branch of her cross motion which was for summary judgment on those causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 851 [2012]; *Daub v Future Tech Enter., Inc.*, 65 AD3d 1004, 1005 [2009]). Further, the court may consider affidavits submitted by the plaintiff to remedy pleading defects (*see Tirpack v 125 N. 10, LLC*, 130 AD3d 917, 918 [2015]). Nevertheless, bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true (*see Parola, Gross & Marino, P.C. v Susskind*, 43 AD3d 1020, 1021 [2007]; *see Daub v Future Tech Enter., Inc.*, 65 AD3d at 1005). Moreover, "[w]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d at 851-852; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]). A motion to dismiss a complaint based on documentary evidence pursuant to CPLR 3211 (a) (1) may only be granted "where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d at 851).

Applying these principles here, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the causes of action alleging wrongful eviction in violation of RPAPL 853, and denied that branch of the plaintiff's cross motion which was for summary judgment on those causes of action. The complaint failed to state a cause of action for wrongful eviction in violation of RPAPL 853 because it did not allege that the plaintiff was a tenant entitled to possession of the premises at issue, and the plaintiff's affidavit submitted in opposition to the motion did not remedy this defect (*see Bozewicz v Nash Metalware Co.*, 284 AD2d 288 [2001]; *Gold v Schuster*, 264 AD2d 547, 550 [1999]; Rudolph de Winter & Larry M. Loeb, Practice Commentaries, McKinney's Cons Laws of NY, Book 49½, RPAPL

853). Further, the lease to the premises submitted by the defendants conclusively established that the plaintiff's claim that she was a tenant was not a fact at all, and thus was not entitled to the protection of RPAPL 853. For the same reasons, the plaintiff failed to establish her entitlement to judgment as a matter of law on those causes of action. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.