Matter of Morgan-North v Correct Care Solutions, LLC (2021 NY Slip Op 05702)





Matter of Morgan-North v Correct Care Solutions, LLC


2021 NY Slip Op 05702


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-05621
 (Index No. 7638/17)

[*1]In the Matter of Robin Morgan-North, appellant,
v
Correct Care Solutions, LLC, et al., respondents.


Bergstein & Ullrich, LLP, New Paltz, NY (Stephen Bergstein of counsel), for appellant.
Littler Mendelson, P.C., New York, NY (Scott C. Silverman and I. Michael Kessel of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Correct Care Solutions, LLC, dated June 16, 2017, terminating the petitioner's probationary employment as a Staff Registered Nurse at the Orange County Jail, the petitioner appeals from a judgment of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated March 15, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In September 2017, the petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the respondent Correct Care Solutions, LLC (hereinafter Correct Care), terminating her probationary employment as a Staff Registered Nurse at the Orange County Jail. Correct Care provides nursing staff and medical services to inmates at the Orange County Jail pursuant to a contract with the respondent County of Orange.
The Supreme Court denied the petition and dismissed the proceeding, finding that Correct Care was not a proper party under CPLR 7802(a) and that the County could not be held liable for Correct Care's adverse employment practices. The petitioner appeals. We affirm, albeit on grounds different from those relied upon by the court.
Under CPLR 7802(a), "[t]he expression 'body or officer' includes every court, tribunal, board, corporation, officer, or other person, or aggregation of persons, whose action may be affected by a proceeding under this article." Although a proceeding pursuant to CLPR "article 78 is generally not a means for seeking private relief against private corporations" (Matter of De Petris v Union Settlement Assn., 86 NY2d 406, 411 n), "[a] disciplined or terminated employee may seek article 78 review to determine whether the employer contravened any of its own rules or regulations in taking that disciplinary action" (Matter of Hanchard v Facilities Dev. Corp., 85 NY2d 638, 641-642; see Matter of Oliner v Sovereign Bank, 123 AD3d 1041, 1042; O'Neill v New York Univ., 97 AD3d 199, 213). "The standard of review is whether the employer 'substantially abided by its own policies in terminating petitioner's employment'" (O'Neill v New York Univ., 97 AD3d [*2]at 213, quoting Matter of Hanchard v Facilities Dev. Corp., 85 NY2d at 642). Here, the petitioner did not allege that the termination of her employment violated Correct Care's own rules for employee discipline and termination (see Matter of Hanchard v Facilities Dev. Corp., 85 NY2d at 642). The petitioner therefore failed to establish that Correct Care's determination to terminate her employment was arbitrary, capricious, or made in bad faith (see CPLR 7803[3]).
The petition also fails to assert a viable claim against the County. Where, as here, personnel decisions and the substantive day-to-day work called for in a contract between a public body and a private entity are managed exclusively by the private entity, without substantial interference from the public body, a petitioner cannot maintain a CPLR article 78 proceeding against the public body for the private entity's employment practices (see Foster v City of New York, 157 AD2d 516, 518; Defreitas v City of New York, 91 AD2d 968, 968, affd 60 NY2d 563; Lane v Greenidge, 59 AD2d 712, 713).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court