24-1399-cv
Uzoigwe v. Charter Commc'ns, LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-five.

PRESENT:  DENNIS JACOBS,
                 DENNY CHIN,
                 RAYMOND J. LOHIER, JR.,
                         *Circuit Judges*.

------------------------------------------------------------------

ONWY UZOIGWE,

      *Plaintiff-Appellant*,

    v.                                                           No. 24-1399-cv

CHARTER COMMUNICATIONS,
LLC,

      *Defendant-Appellee*.

------------------------------------------------------------------

FOR APPELLANT: ONWY UZOIGWE, *pro se*, Baltimore, MD

FOR APPELLEE: Michael D. Kabat, Shawna M. Miller, Kabat Chapman & Ozmer LLP, Atlanta, GA

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hector Gonzalez, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Onwy Uzoigwe, proceeding *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Gonzalez, *J.*) dismissing his breach of contract and negligence claims against Charter Communications, LLC ("Charter"), his former employer. Uzoigwe filed this lawsuit in New York State court on August 23, 2023, Charter removed the case to federal court under diversity jurisdiction on September 27, 2023, and the District Court denied Uzoigwe's subsequent motions to remand the case to state court. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

As a threshold matter, we decline Charter's invitation to dismiss the appeal because of Uzoigwe's failure to comply with various procedural

2

requirements in his submissions on appeal. "[W]e liberally construe pleadings and briefs submitted by *pro se* litigants," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quotation marks omitted), and we "generally do not hold *pro se* litigants rigidly to the formal briefing standards set forth in" the Federal Rules of Appellate Procedure, *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).

## I.    Motions Seeking Remand

Uzoigwe challenges the District Court's denial of his motion to remand this case to state court and his subsequent motions for reconsideration of its denial. Charter counters that we lack jurisdiction to consider these arguments because Uzoigwe's notice of appeal identified only the District Court's order granting Charter's motion to dismiss and was filed before the entry of judgment. Uzoigwe's notice of appeal was premature because the District Court's order dismissing his claims granted him leave to amend. *See Slayton v. Am. Exp. Co.*, 460 F.3d 215, 223–24 (2d Cir. 2006). But because "the judgment was entered before the appeal was heard" and "the appellee suffered no prejudice," the entry of final judgment shortly after Uzoigwe's notice of appeal was filed cured that defect. *Sahu v. Union Carbide Corp.*, 475 F.3d 465, 468 (2d Cir. 2007). Uzoigwe's notice of appeal "designates . . . an order that adjudicates all remaining claims

3

and the rights and liabilities of all remaining parties." *Collymore v. Krystal Myers, RN*, 74 F.4th 22, 27 (2023) (quoting Fed. R. App. P. 3(c)(5)(A)). We therefore construe the notice of appeal as "encompass[ing] the final judgment," *id.* (quotation marks omitted), permitting us to consider the merits of Uzoigwe's challenge to the District Court's denial of remand, *see* Fed. R. App. P. 3(c)(4).

On the merits, we affirm. Uzoigwe argues that removal was improper because of the forum defendant rule. "Under that rule, . . . a suit that is 'otherwise removable solely on the basis of . . . [diversity of citizenship] may not be removed if any of the parties in interest *properly* joined and *served* as defendants is a citizen of the State in which such action is brought.'" *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-05 (2d Cir. 2019) (quoting 28 U.S.C. § 1441(b)(2)) (emphasis added). Thus, the forum defendant rule "is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable." *Id.* at 705.

Uzoigwe properly attempted service on Charter by first class mail pursuant to section 312-a of New York's Civil Practice Law and Rules. But section 312-a empowers defendants to defeat service through intransigency. Section 312-a(b) provides that defendants must return a signed acknowledgement of receipt, and that "[s]ervice is complete on the date the

4

signed acknowledgement of receipt is mailed or delivered to the sender." N.Y. C.P.L.R. § 312-a(b). New York courts have interpreted this requirement to mean that a plaintiff has "failed to effectuate proper service of process" where the defendant refuses to sign the acknowledgment required of it. *See Wells Fargo Bank, N.A. v. Wine*, 935 N.Y.S.2d 664, 666 (3d Dep't 2011); *accord Cordero v. Barreiro-Cordero*, 10 N.Y.S.3d 454, 455 (2d Dep't 2015) (mem.); *Dominguez v. Stimpson Mfg. Corp.*, 616 N.Y.S.2d 221, 222 (2d Dep't 1994) (mem.); *Shenko Elec., Inc. v. Hartnett*, 558 N.Y.S.2d 859, 859 (4th Dep't 1990) (mem.).

There is no dispute that Charter, a New York resident, filed its notice of removal from New York State court before returning the required acknowledgment of service to Uzoigwe. The only question is whether Charter's statutory non-compliance means that it was not properly served and therefore that it can escape Uzoigwe's choice of forum, the answer to which is — perhaps unfairly — yes. Even though Uzoigwe did all that was required of him, and even if he is correct that Charter's "delay in returning the Acknowledgement" was unjustified, Appellant's Br. 26, Charter's delay nevertheless suffices to defeat the applicability of the forum defendant rule. Uzoigwe's "lawsuit [was] removable" because Charter had not yet been properly "served in accordance

with state law" at the time the case was removed.[1]  *See Gibbons*, 919 F.3d at 705.

We accordingly affirm the District Court's denial of Uzoigwe's motions to

remand and for reconsideration.

## II.   Motion to Dismiss

We next review the District Court's dismissal of Uzoigwe's claims for

breach of contract and negligence under Federal Rule of Civil Procedure 12(b)(6).

*See Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020).  According

to Uzoigwe's complaint, Charter breached his employment contract by

terminating him without adequate cause.  Under New York law, "[a]bsent an

agreement establishing a fixed duration, an employment relationship is

presumed to be a hiring at will, terminable at any time by either party."  *Oliner v.*

*Sovereign Bank*, 999 N.Y.S.2d 856, 857 (2d Dep't 2014) (quotation marks omitted);

*see Brown v. Daikin Am. Inc.*, 756 F.3d 219, 231 (2d Cir. 2014).  Uzoigwe claims that

a November 17, 2017 letter he received from Charter after initially participating

in a strike rebutted the presumption that he was an at-will employee.  The letter

---

[1] Uzoigwe also argues that service pursuant to § 312-a was completed *after* Charter removed the case.  Even if that were true, however, it would not affect the applicability of the forum defendant rule, which concerns removal *before* a defendant is properly served.  *See Gibbons*, 919 F.3d at 705.  And what Uzoigwe referred to at argument and in his briefing as "personal service" was in fact another unsuccessful attempt at mailed service.

6

states: "Your assignment is permanent so that you will continue in that assignment through and after the end of the strike." Appellee's App'x 38. We conclude that the letter does not rebut the presumption of at-will employment under New York law. "Such temporally amorphous terms as 'permanent' or 'long term' are not definite as to duration." *Devany v. Brockway Dev., LLC*, 900 N.Y.S.2d 329, 330 (2d Dep't 2010) (quotation marks omitted). Uzoigwe also points to a Charter representative's assertion that there was a "six step process prior to termination" as evidence that his employment was not at-will. Appellant's Br. 13 (quotation marks omitted). But such an assertion without further detail or memorialization does not create "an express written policy limiting the right of discharge" under New York law. *Lobosco v. N.Y. Tel. Co./NYNEX*, 96 N.Y.2d 312, 316 (2001); *see Baron v. Port Auth. of N.Y. & N.J.*, 271 F.3d 81, 85 (2d Cir. 2001). We therefore affirm the District Court's dismissal of Uzoigwe's breach of contract claim.[2]

We also affirm the dismissal of Uzoigwe's negligence claim, which he acknowledges is premised entirely on the claim that Charter "[b]reached the

---

[2] Uzoigwe's argument that earlier administrative proceedings regarding his entitlement to unemployment benefits has *res judicata* effect fails because those proceedings did not address whether Charter breached any contract when it terminated Uzoigwe. *See Whitfield v. City of New York*, 96 F.4th 504, 523 (2d Cir. 2024).

[c]ontract by terminating him without just or proper cause." Reply Br. 16. Because Uzoigwe fails to allege that Charter breached any "legal duty independent of the contract," his negligence claim is thus duplicative and "must be dismissed." *IKB Int'l, S.A. v. Wells Fargo Bank, N.A.*, 40 N.Y.3d 277, 290–91 (2023) (quotation marks omitted); *see Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012).

We have considered Uzoigwe's remaining arguments and conclude that they are without merit.[3]  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Uzoigwe asks us to take "judicial notice" of various matters related to the merits, Dkt. Nos. 58 & 60, and also moves to supplement the record with additional proof of service, Dkt. No. 75.  Both pending motions are denied.

8