| |
|---|
| **A.S. v S.J.** |
| 2026 NY Slip Op 30729(U) |
| March 2, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 156241/2019 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. HASA A. KINGO** | **PART** | **65M** |
| | *Justice* | | |

-----------------------------------------------------------------------------X

A.S.,

|  |  |
|---|---|
| | **INDEX NO.** ___156241/2019___ |
| **Plaintiff,** | **MOTION DATE** ___N/A___ |
| | **MOTION SEQ. NO.** ___008___ |
| - v - | |

S.J., JHA FAMILY LLC,S 212TH ST LLC,3RD AVE SW
LLC,NE 104TH ST LLC,195TH AVE NE LLC,195TH AVE NE
B LLC,10431 AVONDALE ROAD NE LLC

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 008) 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 200, 201

were read on this motion for _____DISMISSAL_____.

Plaintiff A.S. moves, under CPLR § 3211, to dismiss all of defendant S.J.'s counterclaims. Specifically, plaintiff seeks to dismiss S.J.'s counterclaim premised on a purported "anti-SLAPP" theory of a false police report, his conversion claim (alleging unauthorized use of S.J.'s funds), his breach-of-contract and breach-of-implied-covenant claims based on a purported April 16, 2019 "Release, Waiver, Confession and Payment Agreement" (the "Agreement"), and his assault claim (alleging verbal and physical abuse by plaintiff). Plaintiff contends that each of these counterclaims fails as a matter of law or is time-barred.

## BACKGROUND AND PROCEDURAL HISTORY

This action was commenced by plaintiff A.S. in 2019 (Index No. 156241/2019). The parties' relationship later soured amid highly charged personal disputes. According to plaintiff's verified complaint and subsequent pleadings (and as summarized by plaintiff's counsel), S.J. is an "unemployed career litigant" who has repeatedly made harassing allegations against A.S. (Affirm. ¶¶5–12). In particular, S.J. admits that he sent plaintiff "hurtful" communications and even intimate photographs from their relationship to her friends and family, and that he falsely accused her of criminal misconduct (Affirm. ¶¶10–17). In late 2025, plaintiff moved to dismiss S.J.'s counterclaims, relying both on the pleadings and certain documentary evidence. S.J. opposed the motion. The motion is now submitted and ripe for decision.

The parties' pleadings reflect that S.J.'s counterclaims (asserted in his Answer filed September 29, 2025) include:

[* 1]

- **Contract claims**. S.J. alleges that on April 16, 2019 he and plaintiff executed a written "Release, Waiver, Confession and Payment Agreement," whereby plaintiff purportedly agreed to pay S.J. $2,500 and release any claims regarding use or ownership of certain intimate photographs. S.J. pleads causes of action for breach of this Agreement and breach of the implied covenant of good faith and fair dealing in its performance (Counterclaims ¶¶13–34).
- **Assault and harassment**. S.J. alleges that plaintiff assaulted him at his home on or about July 9, 2018 (striking him on the head), repeatedly called him derogatory names ("dumb boy," "asshole," etc.) and emotionally abused him during 2018–2019. These allegations form S.J.'s counterclaim for assault and related intentional torts (Counterclaims ¶¶35–47).
- Conversion. S.J. asserts that in mid-2019 plaintiff improperly transferred $4,000 from his **PayPal** account into her own PayPal account and charged $4,000 to his credit card without his permission. This forms his counterclaim for conversion of money or an intangible right (Counterclaims ¶¶48–55).
- **Other claims (anti-SLAPP, defamation, etc.)**. S.J.'s pleadings also reference plaintiff's reports to law enforcement about these events. In substance, he appears to assert that plaintiff filed a false police report about him (an "anti-SLAPP" or similar claim), and he may claim defamation or malicious prosecution arising from plaintiff's allegations. (Defendant's opposition papers identify an "anti-SLAPP" false police report claim and cite defamation cases).

Plaintiff's moving papers seek dismissal of all the above counterclaims (except, apparently, any defamation count, which plaintiff did not explicitly move to dismiss). Plaintiff's counsel submitted an affirmation and legal memorandum arguing that none of S.J.'s claims can withstand a pre-answer dismissal motion. Defendant S.J. opposes, contending that factual issues preclude dismissal and that his claims are legally sound. No reply papers were submitted. The court has considered the parties' submissions, the allegations of the pleadings, and relevant law.

## ARGUMENTS

Plaintiff's motion papers argue that S.J.'s counterclaims all fail under CPLR § 3211. First, plaintiff contends that S.J.'s "anti-SLAPP" claim (premised on a false police report) fails as a matter of law because deliberate lies to authorities are not constitutionally protected and any related claim (malicious prosecution, defamation, etc.) requires elements not alleged here. Second, plaintiff argues that the conversion claim must be dismissed: plaintiff supposedly had S.J.'s permission to access the funds (as part of the parties' dealings), and in any event a mere contract right to payment cannot support a conversion cause of action. Third, plaintiff contends the contract-based claims fail because the alleged Agreement is a nullity: S.J. allegedly prepared a "fake" agreement without plaintiff's agreement or signature, and even if it existed it would be void or unenforceable (for illegality, duress, and lack of valid consideration). Finally, plaintiff asserts that S.J.'s assault claim is barred by the one-year statute of limitations (CPLR § 215[3]) because the alleged assault occurred in mid-2018, before this action was commenced. Plaintiff further argues the claim cannot "relate back" under CPLR § 203(d) since it arises from a different set of transactions than plaintiff's own claims. The moving papers rely on a liberal pleading standard but urge that, as in prior cases, conclusory or contradictory counterclaim allegations may be dismissed under CPLR § 3211(1)(3).

**156241/2019   S.,A. vs. J.,S.**
**Motion No.  008**

Page 2 of 7

Defendant S.J. argues that all of plaintiff's contentions are either legally unsound or turn on disputed facts, and thus the motion should be denied. With respect to the "false police report" claim, he emphasizes that plaintiff's own writings (including an email and text message) contain factual disputes about what occurred, so summary determination is inappropriate.

the conversion claim, S.J. contends that plaintiff has not negated his allegations: he asserts the funds were taken without his authorization and that conversion of money may lie. He argues that conversion can be based on an unauthorized transfer of funds and that S.J.'s money was converted.

Turning to the contract claims, defendant argues that plaintiff's documentary submissions (emails, social media logs, etc.) are hearsay or legally irrelevant, and that there are factual issues about the parties' intent and signatures. He further contends that the Agreement had legitimate consideration (plaintiff promised to refrain from certain acts) and was not void or procured by duress as a matter of law.

In opposition, S.J. quotes the statute of frauds, the doctrine of mutual obligation, and other contract principles to assert the Agreement should be enforced. Finally, on the assault claim, defendant maintains that the alleged assaults were part of the same course of conduct as plaintiff's own claims, and that equitable tolling or relation-back may save his claim. He argues that even if the one-year SOL had expired by 2019, his counterclaim should relate to the complaint under CPLR § 203(d) because the events arose out of the same series of interactions between the parties.[1]

## DISCUSSION

A motion to dismiss pursuant to CPLR § 3211 (a) (7) tests the legal sufficiency of the pleading. In determining such a motion, the Court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87–88 [1994]; *Sassi v Mobile Life Support Servs., Inc.*, 37 NY3d 236, 239 [2021]).

While pleadings are to be afforded a liberal construction (CPLR § 3026), bare legal conclusions and factual claims flatly contradicted by the record are not entitled to such deference (*Sassi*, 37 NY3d at 239; *Barnes v Hodge*, 118 AD3d 633, 633 [1st Dept 2014]). Where the pleading fails to allege the essential elements of a recognized cause of action, dismissal is required.

Separately, under CPLR § 3211 (a)(1), dismissal is warranted where documentary evidence "utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Leon*, 84 NY2d at 88). To qualify, the documentary evidence must be unambiguous, authentic, and undeniable; affidavits and emails generally do not suffice unless they conclusively establish the absence of a claim (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2d Dept 2010]; *Phillips v Taco Bell Corp.*, 152 AD3d 806, 808 [2d Dept 2017]).

---

[1] S.J. also asserts that his defamation claim is well-pleaded, but plaintiff did not move on that point.

**156241/2019   S.,A. vs. J.,S.**          **Page 3 of 7**
**Motion No.  008**

Defendant contends that Plaintiff's lawsuit constitutes an impermissible strategic lawsuit against public participation, premised on Defendant's filing of a police report. The counterclaim attempts to characterize Plaintiff's action as retaliatory petitioning against Defendant's exercise of constitutional rights.

The argument fails as a matter of law.

### I. Counterclaim Predicated on Filing of Police Report / Anti-SLAPP Theory

New York's anti-SLAPP statute (Civil Rights Law §§ 70-a, 76-a) protects certain speech or petitioning activity in connection with public issues. However, neither the federal nor state constitutions extend protection to deliberate falsehoods. The United States Supreme Court has unequivocally stated that "[t]here is no constitutional value in false statements of fact" (*Gertz v Robert Welch, Inc.*, 418 US 323, 340 [1974]). False factual statements—particularly those made with knowledge of falsity or reckless disregard for the truth—may give rise to liability.

New York law similarly provides remedies for false accusations in appropriate circumstances. A cause of action for malicious prosecution requires (1) commencement of a criminal proceeding, (2) termination in favor of the accused, (3) lack of probable cause, and (4) malice (*Broughton v State of New York*, 37 NY2d 451, 457 [1975]). A claim sounding in defamation requires a false statement of fact, publication to a third party, fault, and special harm or per se defamation (*Dillon v City of New York*, 261 AD2d 34, 38 [1st Dept 1999]).

The counterclaim does not properly plead either tort. It does not allege that any criminal proceeding terminated in Defendant's favor, nor does it set forth a defamation claim against Plaintiff. Instead, Defendant seeks to transform the filing of a police report—alleged by Plaintiff to be knowingly false—into constitutionally protected petitioning activity immune from scrutiny.

No New York statute or appellate authority supports such a proposition. The anti-SLAPP statute does not immunize knowingly false factual allegations to law enforcement. To hold otherwise would impermissibly constitutionalize criminal false reporting.

Even affording the counterclaim the liberal construction mandated by CPLR § 3026, it fails to articulate a cognizable legal theory. Where the pleading does not set forth the elements of any recognized tort and instead rests on a mischaracterization of constitutional protection, dismissal under CPLR § 3211 (a)(7) is appropriate.

Accordingly, the counterclaim predicated upon anti-SLAPP principles and the filing of the police report is dismissed.

### II. Conversion

The conversion counterclaim alleges that Plaintiff transferred funds from Defendant's PayPal account and made unauthorized charges on his credit card.

**156241/2019   S.,A. vs. J.,S.**
**Motion No. 008**

**Page 4 of 7**

4 of 7

[* 4]

To state a cause of action for conversion, a party must plead (1) a possessory right or interest in specific, identifiable property, and (2) defendant's unauthorized dominion over that property in derogation of the plaintiff's rights (*Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49–50 [2006]). The essence of conversion is the wrongful exercise of dominion over tangible property or a specifically identifiable fund.

Critically, "the mere right to payment cannot be the basis for a cause of action alleging conversion" (*Daub v Future Tech Enter., Inc.*, 65 AD3d 1004, 1006 [2d Dept 2009]). The Appellate Division, First Department, has reaffirmed this principle, holding that even where a party asserts a contractual entitlement to funds, absent the taking of a segregated, specifically identifiable res, conversion will not lie (*Black v Phoenix Cayman Ltd.*, 234 AD3d 472 [1st Dept 2025]).

Here, Defendant's allegations amount to a dispute over whether certain payments were authorized or were part of an arrangement between the parties. Even accepting Defendant's version of events as true for purposes of CPLR § 3211 (a)(7), the claim concerns an alleged misuse of a credit card and reversal of PayPal payments—quintessential disputes over payment obligations.

Defendant does not allege that Plaintiff misappropriated a segregated escrow account, trust fund, or specifically earmarked property. Instead, the counterclaim describes a generalized right to repayment. Under settled appellate precedent, such allegations sound, at most, in breach of contract or unjust enrichment, not conversion (*Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 124 [1st Dept 1990]; *Daub*, 65 AD3d at 1006).

Moreover, to the extent Defendant seeks recovery for alleged 2018 and 2019 transactions, CPLR § 214(3) imposes a three-year limitations period for conversion. The counterclaims were interposed in 2025—well beyond three years from the latest alleged act. While CPLR § 203(d) permits otherwise time-barred counterclaims in recoupment if they arise from the same transaction as the complaint, the alleged financial transfers are distinct from Plaintiff's claims concerning dissemination of images and alleged harassment. They do not arise from the same transaction or occurrence.

Accordingly, the conversion counterclaim is dismissed both for failure to state a cause of action and, independently, as time-barred.

### III. Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant asserts that the parties entered into a written "Photography Transfer Agreement and Release" on April 16, 2019, and that Plaintiff breached it.

To state a cause of action for breach of contract, a party must allege (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages (*Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010]). The implied covenant of good faith and fair dealing is inherent in every contract and embraces a pledge that neither party shall

156241/2019   S.,A. vs. J.,S.
Motion No.  008

Page 5 of 7

5 of 7

do anything to destroy or injure the right of the other to receive the fruits of the contract (*New England Mut. Life Ins. Co. v Caruso*, 73 NY2d 74, 80 [1989]).

Plaintiff challenges the authenticity and enforceability of the agreement, asserting fabrication, duress, lack of consideration, and violation of public policy.

New York law, however, strongly favors enforcement of written agreements freely entered into (*159 MP Corp. v Redbridge Bedford, LLC*, 33 NY3d 353, 361 [2019]). Courts do not assess adequacy of consideration absent fraud or unconscionability (*Apfel v Prudential-Bache Sec.*, 81 NY2d 470, 476 [1993]). Consideration may consist of either a benefit to the promisor or a detriment to the promisee.

While past consideration generally cannot support a new promise, General Obligations Law § 5-1105 creates an exception where past consideration is expressed in writing and proven to have been given (*Clark v Bank of N.Y.*, 185 AD2d 138, 140 [1st Dept 1992]). Whether the agreement satisfies that statutory framework presents mixed questions of fact and law.

Likewise, a claim of duress requires proof of a wrongful threat that deprived the party of the exercise of free will (*Austin Instrument v Loral Corp.*, 29 NY2d 124, 130 [1971]). Duress, ratification, and public policy defenses are inherently fact-sensitive and rarely amenable to resolution at the pleading stage.

Here, the counterclaims adequately allege the existence of a written agreement, Defendant's performance, Plaintiff's breach, and damages. Plaintiff's challenges—authenticity, duress, lack of consideration—raise factual disputes and credibility questions not resolvable on a CPLR § 3211 motion. Documentary submissions do not "utterly refute" the existence of the agreement within the meaning of CPLR § 3211 (a)(1).

Accordingly, the breach of contract and breach of the implied covenant counterclaims survive dismissal at this stage.

## IV. Assault

CPLR § 215(3) imposes a one-year statute of limitations for assault. The cause accrues on the date of the alleged assault (*Jensen v General Elec. Co.*, 82 NY2d 77, 84 [1993]).

Defendant alleges assaults occurring in 2017 and 2018. The counterclaims were interposed in 2025. On their face, they are untimely.

CPLR § 203(d) permits an otherwise time-barred counterclaim to be asserted in recoupment if it arises from the same transaction or occurrence as the plaintiff's claims. That doctrine is narrowly construed (*Bloomfield v Bloomfield*, 97 NY2d 188, 193 [2001]). Plaintiff's claims concern alleged dissemination of intimate images and related conduct in 2019. The alleged assaults occurred in prior years and constitute separate factual episodes.

**156241/2019  S.,A. vs. J.,S.**
**Motion No.  008**

**Page 6 of 7**

[* 6]

6 of 7

Because the assault counterclaim does not arise from the same transaction or occurrence, and no tolling provision applies, it is time-barred.

## CONCLUSIONS

In sum, the motion to dismiss S.J.'s counterclaims is granted in part and denied in part. The portions of the motion directed at the false police report/anti-SLAPP counterclaim, the conversion claim, and the assault claim are granted, and those counterclaims are dismissed. The motion is denied as to the breach of contract and breach of implied covenant claims, which survive for further proceedings. Any other counterclaims (e.g. defamation) not expressly moved on are likewise unaffected.

For the foregoing reasons, and upon careful application of controlling Court of Appeals and Appellate Division precedent, it is hereby

ORDERED Plaintiff's motion to dismiss (NYSCEF Doc. No. 164 is granted as to the counterclaims sounding in anti-SLAPP/false police report, conversion, and assault; and it is further

ORDERED that Plaintiff's motion is denied as to the counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing; and it is further

ORDERED that Plaintiff shall serve a copy of this decision and order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and upon the General Clerk's Office (60 Centre Street, Room 119), in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, so that the court records may be appropriately marked; and it is further

ORDERED that upon such service, the Clerk of the Court is directed to enter judgment consistent herewith and to amend the caption accordingly; and it is further

ORDERED that the remaining parties shall appear for a pre-trial settlement conference on March 10, 2026, at 80 Centre Street, Room 308, at the previously designated time for oral argument on the motion (9:30 AM), at which time the court will address potential settlement and any remaining issues; and it is further

ORDERED that the court has considered all remaining arguments and finds them either without merit or unnecessary to the disposition of this motion.

This constitutes the decision and order of the court.

| 03/02/2026 | | | | |
|---|---|---|---|---|
| **DATE** | | | | **JASA A. KINGO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156241/2019  S.,A. vs. J.,S.**
**Motion No. 008**

Page 7 of 7

[* 7]